service section of the Constitution), precisely the same as if such statute had been enacted subsequent to the adoption of such Constitution.

In obedience to the command of the civil service section of the Constitution, chapter 370, p. 808, of the Laws of 1899, was enacted subsequent to the adoption of the Constitution, and, as we have seen, by section 20 preferences are allowed honorably discharged soldiers, sailors, and marines, and by section 21 the power of removal is limited. We think it clear that those sections were enacted in obedience to the mandate of the Constitution (section 9 of article 5), and that it was competent for the Legislature to provide "for the enforcement of this section" by preventing the removal of employés without cause or hearing, precisely as it was competent for it to provide that such appointments should be made only in accordance with the provisions of the section. As we have pointed out, unless the Legislature has the power to prevent removals, it were idle to attempt to legislate respecting the method of appointment. The case of People ex rel. Killeen v. Angle, 109 N. Y. 564, 17 N. E. 413, has no application to the question involved upon this appeal. There by section 3 of article 5 of the Constitution the superintendent of public works was given unrestricted power to appoint and remove employés in that department, and there was then no civil service provision in the Constitution; no provision which authorized the Legislature to act in the premises, or in any manner to restrict or regulate the power of the superintendent of public works to appoint and remove; and therefore it was held that the civil service law of 1883, enacted by the Legislature, which attempted to restrict the power of the superintendent in that regard, was unconstitutional; but, as we have seen, when the civil service provision became a part of the Constitution (section 9 of article 5), it was held in the McClelland Case, supra, that the act of 1883 became effective and made it necessary for the superintendent of public works to make appointments in accordance with that provision. In this case, as we have seen, sections 20 and 21, c. 370, pp. 808, 809, of the Laws of 1899, were enacted subsequently to the adoption of the Constitution and in obedience to its command that "laws shall be made to provide for the enforcement of this section" (section 9 of article 5 of the Constitution). For the reasons indicated we conclude that, not only must the superintendent of public works make appointments in accordance with the provisions of the statute (People ex rel. McClelland v. Roberts, 148 N. Y. 360, 42 N. E. 1082, 31 L. R. A. 399), but also that removals of employés in such department can only be made in accordance with the provisions of section 21, c. 370, p. 809, of the Laws of 1899, and that the removal of the relator was illegal and without authority of law, and that he is entitled to be reinstated in his office and to his position. It follows that the order appealed from should be reversed, with costs, and that the application of the relator should be granted, with costs.

---

SELLECK v. DIENSDORF et al. (Supreme Court, Appellate Division, First Department. November, 1906.) Action by Henry G. Selleck, Jr., against Kathinka Diensdorf, impleaded. No opinion. Motion granted, with $10 costs. Order filed.

---

SILVERMAN et al., Appellants, v. DANES et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 8, 1907.) Action by Levi L. Silverman and another against Elizabeth M. Danes and others. PER CURIAM. Order reversed, with $10 costs and disbursements. Held, that the only relief to which the plaintiff was entitled was a dissolution of the injunction.

---

SLADE, Appellant, v. VAN ALLAN, Respondent. (Supreme Court, Appellate Division, Fourth Department. September, 1906.) Action by Mary A. Slade against Robert A. Van Allan. PER CURIAM. Judgment affirmed, with costs. WILLIAMS, J., dissents.

---

SMEDBERG v. VERMONT MARBLE CO. (Supreme Court, Appellate Division, First Department. April 26, 1907.) Action by Edmund M. Smedberg against the Vermont Marble Company. No opinion. Motion granted, with $10 costs. Order filed.

---

SMITH, Respondent, v. ANDERSON, Appellant. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Samuel R. Smith against Frank E. Anderson. J. P. Sheffield, for appellant. E. D. Hawkins, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

SMITH v. BRENNER et al. SAME v. EVANS et al. (Supreme Court, Appellate Division, First Department. April 12, 1907.) Actions by James D. Smith, individually, etc., against Louis Brenner and others, and against George Evans and another. Motions granted. Questions certified. Orders filed.

---

SMITH, Respondent, v. F. WESEL MFG. Co., Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1907.) Action by Anthony Smith, an infant, by James Somerville, his guardian ad litem, against the F. Wesel Manufacturing Company. No opinion. Motions denied, with $10 costs.

---

SMITH, Respondent, v. SCHLESINGER et al., Appellants. (Supreme Court, Appellate Division, First Department. May 10, 1907.) Action by Julia A. Smith against Elisabeth Schlesinger and others. E. W. Hatch, for appellants. W. A. Keener, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

---

SOFIELD, Respondent, v. JACOB et al., Appellants. (Supreme Court, Appellate Division, Third Department. May 8, 1907.) Action by Margaret J. Sofield, an infant, by Louise Sofield, her guardian ad litem, against Hyman Jacob and others. No opinion. Order affirmed, with $10 costs and disbursements.